# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK WASHINGTON,<br><br>        Petitioner,<br><br>    v.<br><br>MATTHEW CATE,<br><br>        Respondent. | 1:09-cv-01834 LJO SMS HC<br><br>FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS<br><br>[Doc. 11] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

On June 28, 2006, a jury found Petitioner guilty of one count of misdemeanor exposing his private parts in a public part in violation of California Penal Code section 314(1). (CT 107.) On July 27, 2006, Petitioner was sentenced to time already served. (Sentencing Transcript, at 173-174.) Petitioner is required to register as a sex offender under California Penal Code section 290. (Id.)

Petitioner filed an appeal to the appellate division of the Kings County Superior Court pursuant to People v. Wende, 25 Cal.3d 436 (1979), asking the court to review the record for error. (Lodged Doc. No. 1.) Petitioner augmented the record with portions of the trial transcripts. The appellate division affirmed the judgment. (Lodged Doc. No. 2.)

1  Petitioner filed a petition for review in the California Supreme Court on July 30, 2007.
2  (Lodged Doc. No. 3.) The petition was denied on October 10, 2007. (Lodged Doc. No. 4.)
3  Thereafter, Petitioner filed several collateral actions in the state courts.[1] (Lodged Doc. Nos. 5-6.)
4  On May 22, 2007, Petitioner filed a petition for writ of habeas corpus in the state superior
5  court. (Lodged Doc. No. 7.) The petition was denied on July 12, 2007. (Lodged Doc. No. 8.)
6  On July 26, 2007, Petitioner filed a petition for writ of habeas corpus in the state appellate
7  court. (Lodged Doc. No. 9.) The petition was denied on August 10, 2007. (Lodged Doc. No.
8  10.)
9  Petitioner then filed a petition for writ of habeas corpus in the state supreme court.
10  (Lodged Doc. No. 11.) The court denied the petition on October 10, 2007. (Lodged Doc. No.
11  12.)
12  Petitioner filed the instant petition for writ of habeas corpus on October 20, 2009. (Court
13  Doc. 1.) Respondent filed a motion to dismiss on April 19, 2010, and Petitioner filed an
14  opposition on April 28, 2010. (Court Docs. 11, 14.)

15  DISCUSSION

16  A.   Procedural Grounds for Motion to Dismiss
17  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
18  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
19  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.
20  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer
21  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of
22  the state's procedural rules. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990)
23  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White
24  v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review

---

[1] Respondent submits that Petitioner filed almost a dozen petitions for writs of habeas corpus in the superior court, 141 petitions for writ of habeas corpus in the state appellate court, and 150 petitions for writ of habeas corpus in the California Supreme Court. Respondent examined the petitions in search of finding any that related to the instant conviction and any relevance thereto. Respondent found that a large portion of the petitions were either irrelevant or duplicative and only submitted those that were potentially relevant.

motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. <u>See</u> <u>Hillery</u>, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on lack of jurisdiction and failure to state a cognizable claim 28 U.S.C. 2254. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

II.     <u>Lack of Jurisdiction-Custody Requirement</u>

To obtain habeas corpus relief under section 2254(a), the prisoner must demonstrate that he is "in custody." The present custodial status requirement is jurisdictional and the prisoner must be in custody at the time of filing in federal court. <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989) (per curiam); <u>Williamson v. Gregoire</u>, 151 F.3d 1180, 1182 (9th Cir. 1998); <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998).

In this instance, because Petitioner was sentenced to time served for his misdemeanor conviction, and only stands required to register as a sex offender, he is not "in custody" within the meaning of section 2254(a). <u>Henry v. Lungren</u>, 164 F.3d 1240, 1241-1242 (9th Cir. 1999) (being subject to California's sex offender registration requirement not custody); <u>Williams v. Gregorie</u>, 151 F.3d at 1182-1184. Although Petitioner is subject to a lifetime sex offender registration requirement, that is insufficient to satisfy the custody requirement. There are no other consequences that flow from his conviction, and because he received time-served he was no longer "in custody" as a result of that conviction. Therefore, this Court does not have jurisdiction to review the instant petition and it must be dismissed.

III.    <u>Failure to State Cognizable Claim</u>

Respondent further argues that the Petitioner's challenge does not challenge the fact of his custody. Rather, Petitioner claims that his conviction imposed an adverse condition not related to his custody. In order to proceed under section 2254 the prisoner must allege that he is "in custody" in violation of the Constitution or other federal laws. <u>Bailey v. Hill</u>, __ F.3d __, 2010 WL 1133435 *2 (9th Cir. March 25, 2010). In this case, Petitioner merely challenges the

noncustodial condition of the registration requirement which is not cognizable. Id., 2010 WL 1133435 * 4 ("That he is in physical custody while attacking the restitution order is insufficient to confer jurisdiction over his habeas petition.").

## RECOMMENDATION

1. Respondent's motion to dismiss the instant petition for writ of habeas corpus be GRANTED; and

2. The instant petition be DISMISSED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty one (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within seven (7) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   May 21, 2010**                              /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE